**In the Matter of Orval WYSE, d/b/a Wyse Brothers Turkey Farm, Bankrupt.**

**ARCHBOLD SEED & GRAIN COMPANY, Appellant,**

v.

**Willard A. MACK, Trustee in Bankruptcy, Appellee.**

**No. 15217.**

United States Court of Appeals Sixth Circuit.

Sept. 27, 1963.

Howard C. Cook, Toledo, Ohio (John B. Spitzer, Marshall, Melhorn, Bloch & Belt, Cline, Bischoff & Cook, Toledo, Ohio, on the brief), for appellant.

Robert B. Gosline, Toledo, Ohio (Arthur S. Newcomer, Newcomer & Shaffer, Bryan, Ohio, Shumaker, Loop & Kendrick, Toledo, Ohio, on the brief), for appellee.

Before O'SULLIVAN, Circuit Judge, and WILSON and FOX, District Judges.

FOX, District Judge.

Between October 7, 1959, and December 17, 1959, the Receiver of the bankrupt, Mr. Wyse, pursuant to an order of the court, sold 100,000 turkeys for $376,100.34. This sum was subsequently turned over to the Trustee in Bankruptcy.

On February 8, 1960, an order was issued by the Bankruptcy Court to Archbold Seed and Grain Company (hereinafter referred to as "Archbold"), directing it to set up any claims it had to this fund, on or before February 19, 1960, or be forever barred from asserting its claim. Archbold did not set up any claim, and pursuant to the hearing held on February 19, at which the President of Archbold was present, an order was entered February 23, 1960, that Archbold had no claim or interest in the fund.

On March 2, 1960, Archbold filed a motion to vacate the order of February 23, 1960, and for leave to answer. This motion was overruled by an order dated May 17, 1960. Upon petition for review of this order, the same was approved and adopted by the District Court and affirmed on appeal by the Circuit Court of Appeals for the Sixth Circuit. In the Matter of Orval Wyse, 296 F.2d 214 (1961).

On December 15, 1961, Archbold filed a petition for a review of the Referee's order of February 23, 1960, which had barred Archbold from asserting any interest in the fund held by the Trustee. This petition was dismissed by order entered March 27, 1962, and the present petition for review of that order was filed by Archbold on April 3, 1962.

On September 25, 1962, the District Court entered its order dismissing the petition filed April 3, 1962. Archbold appeals.

The appeal raises three issues:

(1) Has the issue of whether or not there existed a partnership between Archbold and Wyse been fully litigated as far as Archbold is concerned?

(2) Was the petition for review filed December 15, 1961 timely within 11 U.S.C. § 67, sub. c, § 39, sub. c of the Bankruptcy Act?

(3) Was the failure of the appellant to file an answer at the hearing on February 19, 1960, excusable neglect so that the order of February 23, 1960 should be set aside and Archbold allowed to answer?

The answer to issue number one may dispose of the total appeal, since it is the sole objective of Archbold on this appeal to secure an opportunity to persuade the Referee that a partnership existed between Archbold and Wyse and that the fund in the control of the Trustee should be applied to the debts of the partnership and not the debts of Mr. Wyse individually.

To the extent that the fund is not applied to pay the claim of A. E. Staley Manufacturing Co. (hereinafter called "Staley"), appellant Archbold is liable to Staley under a note executed from Archbold to Staley.

At the March 18, 1960 hearing on the motion for leave to file an answer, the attorney for Archbold made the following statement:

"* * * It was our thought or feeling, your Honor, that this motion did not raise any new factual issues, that it simply was putting on record the position of Archbold.

*    *    *    *    *    *

"I did not think it would be necessary to burden this Court with an oral hearing on a motion of this character. It was our notion that this whole matter would just be allowed to pend, pending the determination of the rights of Staley, because the prayer for relief in the an-

swer of course, goes to the merits of this whole controversy.

"It's our feeling that this matter should be decided at the same time as the determination is made on the claim filed by Staley Manufacturing Company.

"It would be a rather waste of the Court's time and the time of counsel to litigate all over again exactly the identical factual issues, the factual questions in this matter, as we have already had litigated in this connection with the claim made by Staley." (Tr. pages 237-8)

Counsel stressed at this time that the answer sought to be filed raised no new factual issues; that the same issues of partnership between Archbold and Wyse were involved in the claim by Staley against the fund. Archbold at that time seemed satisfied that the partnership issue was properly litigated and that only Archbold's position need be formally stated by the filing of an answer.

Archbold's position was further clarified at the same hearing.

"Mr. Gosline (Attorney for the Trustee): Your Honor, it sounds as if we are getting on to the motion for leave to file, or the motion to vacate the order, really.

"The Court: Yes.

"Mr. Gosline: And I would like to address a question to Mr. Spitzer (attorney for Archbold), if I may.

"The Court: You may, sir.

"Mr. Gosline: Are you planning to present any evidence in support of that?

"Mr. Spitzer: No.

"Mr. Gosline: Are you submitting it or what?

"Mr. Spitzer: Submitting it on the record developed, the testimony and the documents introduced in evidence at the hearing on February 25 and February 26 in this Court, plus the pleadings on file in this case.

"I thought I covered that, Mr. Gosline, that we were not requesting a separate factual determination, because there are no separate factual issues to try, Your Honor.

"This is simply a statement of Archbold's position with regard to the matter that has been under examination, because of the application filed by A. E. Staley, *that the entire fund be paid over to it as a creditor of the partnership.* (Emphasis supplied)

"Mr. Gosline: Then you are asking that all the prior evidence be considered in support of your motion, without putting any of it back in evidence today?

"Mr. Spitzer: I am not quite sure I follow your point, Mr. Gosline. All I can say is repeat what I said, that Archbold is a party to these whole proceedings, and on the basis of the evidence that has been introduced already, Archbold wishes to state its position in the matter; namely, that the fund should be paid to Staley.

"This is not a separate proceeding. It isn't a question of taking all the evidence in the other Hearing and putting it in this.

"This simply is a matter of Archbold appearing as a party in the proceeding and stating its position.

"We do not wish to introduce separate, additional evidence.

"Mr. Gosline: Well, Archbold didn't introduce any evidence before.

"Mr. Spitzer: This is correct.

"Mr. Gosline: Then on what evidence do you think this motion is submitted?

"Mr. Spitzer: *The evidence introduced by A. E. Staley Company.*

"*The fact that we are counsel for both, Your Honor, is an indication, to my mind, that the interests are identical. Had there been any diversity of interest, we would have, of course, declined to have represented Archbold Seed and Grain and would have insisted that they get independent counsel.*

*"We felt in view of the fact that Archbold's interests were identical with Staley, that it was quite in order for us to represent Archbold for this limited purpose, to make Archbold's position clear.* (Emphasis supplied)

\* \* \* \* \* \*

"Mr. Spitzer: \* \* \* I think I have stated pretty well our reasons underlying this motion, and why we feel in the interest of justice Archbold should be granted leave to file the answer and the determination of the issue raised by Archbold's answer be postponed and decided at the same time as the disposition of the claim filed by Staley, without the necessity of a separate hearing or the filing of separate evidence." (Tr. pp. 242–245 and 253.)

At the continuance of this hearing on March 25, 1960, Archbold did introduce evidence tending to show the existence of a partnership between Archbold and Wyse. (Tr. pp. 325, 326, 334, 335; 349 and 350). The brief of appellant on appeal states that "(a)ppellant offered witnesses and documentary testimony in support of its claim that the turkeys were owned by appellant and Wyse as a partnership," but appellants further claim in their brief that "the Referee made no determination of appellant's claim on the merits." (Br. page 5)

When the petition for review of the order filed May 17, 1960, overruling the motion of Archbold to vacate and to file an answer, and adjudging that Staley had no interest in the fund was filed, the Referee in his certificate to the District Court found the following:

*"CONCLUSIONS OF LAW*

\* \* \* \* \* \*

"21. Prior to the filing of the petition in bankruptcy, no partnership existed between Wyse and Archbold nor between Wyse and Aschliman with respect to the raising of the turkeys and flocks of turkeys here involved either by reason of (a) the agreement 'dated April 30, 1959,' which is Exhibit B, (b) any course of dealings by and between them with respect to these turkeys, (c) any arrangements of either of them with Staley or any other actions or statements of the parties.

\* \* \* \* \* \*

"23. Archbold, as an Ohio corporation, could become a member of a co-partnership only by the authority and action of its directors or shareholders. Section 1701.59 Ohio Revised Code. No such authority was exercised nor was any such action taken by the shareholders or directors to authorize Archbold to enter into a partnership with Wyse at any time."

In the Referee's conclusion he stated:

" \* \* \* no action by way of the chattel mortgages to Staley or the 'partnership agreement' of Archbold created any interest in these turkeys by way of ownership, lien or otherwise on the part of either Staley or Archbold. They remained in the ownership and were the property of Orval Wyse, the bankrupt in this proceeding."

These findings were adopted and approved by the District Court and affirmed by the Circuit Court of Appeals.

Archbold had joined in the petition to review the order of May 17, 1960, and also joined in the appeal of the action of the District Court. This was consistent with their position at the hearings on the motion to vacate and for leave to file answer. Their position at that time was that the issue of partnership was being presented by Staley in the course of its litigation, and that no further evidence need be introduced.

The Circuit Court of Appeals in its order, 296 F.2d 214, stated the issue before them on that appeal:

"Whether a fund of $376,100.34 derived from the sale of about 100,-000 turkeys is the property of the bankrupt, Orval Wyse, or the property of a partnership, consisting on the bankrupt and Archbold Seed and Grain Company; \* \* \* "

The Court held at that time:

"Upon careful consideration of all matters presented on the appeals, the Court finds that there is no substantial evidence to support the claim of a partnership between Orval Wyse and Archbold Seed and Grain Company; * * *." (296 F.2d page 214)

At hearings before the Referee before he entered the order now under review, the following comments appeared:

"Mr. Newcomer: (Attorney for the Trustee) I would like to say this to the court; the most impressive thing in this whole pile of documents that have come out of this situation is when the Court of Appeals said there is no sustaining evidence of a partnership.

"There are many times when I think of certain things to do later on as I am sure every attorney does and I would like to say that probably Mr. Cook (attorney for Archbold) himself many times has thought of things afterward that we wished we had said at the time of the trial of the cause and I imagine that Mr. Cook feels that he is in the same position now that I have felt myself to be in at various times, namely, that I had wished I had said certain things.

"There is no reason now to go back up again and starting all over on this matter.

"The opportunity was there for these people to speak but it was not utilized.

"Mr. Cook: If the court please, this is the very nub of my argument, that the opportunity was not there because the President of Archbold Seed and Grain Company was not aware of his rights and because of excusable negligence was not represented and did not have the opportunity to present the evidence that should have been presented.

"I think we should have the right to present it at this time.

"The Court: Well, you do not intend to intimate that it is your view that this court did not accord your client an opportunity, Mr. Cook, is that it?

"Mr. Cook: I didn't follow you.

"The Court: You are not intimating that this court did not permit your people not to—

"Mr. Cook: I see; no, there was no attempt whatsoever to prevent them from putting in whatever evidence they desired; I am simply saying that it is the fault of the Archbold Seed and Grain Company—that it is an excusable negligence on their part that they failed to have an attorney present to represent them at these proceedings and that was because of lack of understanding and knowledge of the situation.

"I would say that the record is clear that the court afforded the parties the fullest opportunity to present evidence." (Tr. March 22, 1962, pp. 20–22)

Throughout these proceedings, appellant Archbold's claim that a partnership existed between Archbold and Wyse was identical to the claim of Staley, and this position was so urged by Archbold through its attorneys. Archbold did not want a separate factual determination; it was given every opportunity to present evidence in support of its claim of partnership.

The Referee has ruled on the merits of this claim and this ruling was adopted and affirmed by both the District Court and this Circuit Court of Appeals. By their own admission, full opportunity was extended Archbold to present evidence in support of proof of this partnership.

The attorney for Archbold had conceded that the issue and proof introduced by Staley was identical to the interest of Archbold and that no further evidence need be presented. The issue of partnership was resolved adversely to both Staley and Archbold. They are not entitled at this time to relitigate this issue.

Since the answer of this court to this issue goes to the very purpose and object of the other two issues, it disposes of those two matters without further opinion.

The judgment of the District Court is affirmed.